UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME J. TORRES,<br><br>        Petitioner,<br><br>    v.<br><br>WARDEN CIOLLI,<br><br>        Respondent. | No. 1:20-cv-00310-NONE-JLT (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING PETITION FOR WRIT OF HABEAS CORPUS, AND DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE FOR PURPOSE OF CLOSING CASE AND THEN CLOSE THIS CASE WITH NO CERTIFICATE OF APPEALABILITY REQUIRED<br><br>(Doc. No. 14) |

        Petitioner is a federal prisoner incarcerated at the United States Penitentiary in Atwater, California, proceeding *in propria persona* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. Nos. 6 & 11.) Petitioner alleges violations of his right to due process and of governing prison disciplinary procedures after he was charged with possession of illicit drugs while confined at Federal Correctional Institution Schuylkill in Minersville, Pennsylvania. (Doc. No. 6.) On August 5, 2020, the assigned magistrate judge issued findings and recommendations recommending that the petition be denied on its merits. (Doc. No. 14.)

        The magistrate judge's recommendation to deny the petition came after ordering and receiving a response from Warden Ciolli ("respondent"). (Docs. No. 8 & 11.) Respondent

1 argued and provided record evidence that:  petitioner misconstrued the deadline by which he had
2 to be furnished a copy of his incident report, and that, nevertheless, late disclosure of an incident
3 report would not amount to a due process violation; petitioner's argument for further testing of
4 the illicit drug he possessed is without merit, since he admitted ownership of the drug-laced paper
5 confiscated, he does not contest the results of the two drug identification tests completed, and he
6 does not cite authority requiring further testing; and petitioner's contention that he was not given
7 proper time to appeal from the decision of his disciplinary hearing is also without merit because
8 petitioner received written notice of his appellate rights and did mount a timely appeal that was
9 evaluated on its merits.  (Doc. No. 11 at 3-6; *see also* Doc. No. 11-1.)

These findings and recommendations were served upon all parties and contained notice that any objections were to be filed within thirty days from the date of service of that order.  To date, no party has filed objections.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), the court has conducted a de novo review of the case.  Having carefully reviewed the entire file, the court concludes that the magistrate judge's findings and recommendations are supported by the record and proper analysis.

The plain language of 28 U.S.C. § 2253(c)(1) does not require a certificate of appealability because this is an appeal from an order denying a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, not a final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court.  *Forde v. U.S. Parole Commission*, 114 F.3d 878 (9th Cir. 1997); *see Ojo v. INS*, 106 F.3d 680, 681-682 (5th Cir. 1997); *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).

Accordingly, the court orders as follows:

1. The findings and recommendations, filed August 5, 2020 (Doc. No. 14), are ADOPTED IN FULL;

2. The petition for writ of habeas corpus is DENIED WITH PREJUDICE;

/////

/////

2

3. The Clerk of Court is DIRECTED to assign a district judge to this case for the purpose of closing the case and then to close the case; and,

4. No certificate of appealability is required.

IT IS SO ORDERED.

Dated:   **October 7, 2020**

UNITED STATES DISTRICT JUDGE

3